# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2013

Lyle W. Cayce
Clerk

No. 12-50590
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO ALVAREZ-PICHARDO, also known as John Paul Alvarez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-422-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Alvarez-Pichardo (Alvarez) appeals his 46-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data. As Alvarez concedes, this argument that is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvarez also argues that his sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).  He contends that the illegal reentry guideline double counted his prior conviction for continuous sexual abuse of a minor by using it to calculate the criminal history score and by using it to increase the base offense level.  Alvarez also argues that the guidelines range was too harsh for a nonviolent crime that was merely an international trespass.  In addition, he contends that the guidelines range failed to reflect his personal history and characteristics.  Specifically, Alvarez asserted that he had lived in the United States since he was three years old; his mother, siblings, and children lived in the United States legally; and his motive for returning was to be with his family.

The district court considered Alvarez's request for leniency, but it ultimately determined that a 46-month sentence was appropriate.  Alvarez's arguments regarding his personal history and circumstances are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Moreover, we have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Additionally, we have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense.  *United States  v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  The district court therefore did not abuse its discretion in imposing Alvarez's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Accordingly, the judgment of the district court is AFFIRMED.